David Abrams, Attorney at Law (DA-8126)
299 Broadway, Suite 1700
New York, New York 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

Onel Desorme,

        Plaintiff,

   - against -      Case No.

Mother's Messenger Service of
NYC, Ltd.,

        Defendant.



## COMPLAINT

Plaintiff, complaining of the Defendant by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

### I. Introduction

1. This is an action for unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Wage & Hour Regulations.

### II. Parties

2. Plaintiff Onel Desorme ("Plaintiff" or "Mr. Desorme") is a natural person residing in the State of New York, County of Bronx.

3. Upon information and belief, Defendant Mother's Messenger Service of NYC, Ltd. (the "Employer") is a New York corporation with a principal place of business in the State of New York, County of New York.

4. The Employer is in the business of providing messenger services.

## III. Venue & Jurisdiction

5. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) and 28 U.S.C. Section 112(b) in that the Employer has a continuous and systematic presence in the Southern District of New York. More specifically, the Employer's principal office is located at 236 E. 6th Street #1, New York, NY 10003.

6. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. The remaining claims arise from the same case or controversy in that thrust of this case is that the Employer has failed to pay overtime wages to the Plaintiff.

7. Personal jurisdiction exists over the Employer in that this action arises from its activities in New York, specifically the employment of the Plaintiff. Alternatively, personal jurisdiction exists because of the Employer's contacts with New York as set forth in Paragraph 5 of this Amended Complaint.

## IV. Background

8. Mr. Desorme was employed by the Employer as a messenger for approximately

9. Mr. Desorme was paid piece meal for his services, i.e. he was paid based on the number of packages delivered. His normal workweek was 50 to 55 hours but he was not paid any overtime premium.

## V. Causes of Action and Demand for Relief

### Count One: Violation of the Fair Labor Standards Act

10. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

11. The Employer was a covered employer under the Fair Labor Standards Act.

12. Mr. Desorme's employment with the employer was covered under the Fair Labor Standards Act.

13. The Employer violated the Fair Labor Standards Act by failing to pay Mr. Desorme an appropriate overtime premium.

<u>Count II:</u>    Violation of New York Wage & Hour Law

14. The allegations contained in the preceding paragraphs are incorporated as if restated herein.

15. Mr. Desorme was an employee of the Employer within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

16. The Employer was an employer within the meaning of those same regulations.

17. The Employer violated the above regulations in that it did not pay Mr. Desorme properly for some or all of his overtime work.

[continued on next page]

WHEREFORE Mr. Desorme demands judgment against the Employer in the amount of his unpaid compensation and overtime, lost wages, together with liquidated and other multiple damages, costs, fees, interest; and such other and further relief that the Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
 Attorney for Plaintiff
Desorme

299 Broadway, Suite 1700
New York, NY 10007
Tel. 212-897-5821

Dated: New York, NY
September 1, 2011

4