```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ONEL DESORME,
                                    Plaintiff,
        -against-
MOTHER'S MESSENGER SERVICE OF NYC,
LTD.,
                                    Defendant.
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/5/12

11 Civ. 6151 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

This action was brought as a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York State labor laws.

On April 3, 2012, the parties informed the court by letter that they had executed settlement documents in the case and requested that the case be dismissed.

"[The] FLSA places strict limits on an employee's ability to waive claims for fear that employers will coerce employees into settlement and waiver." *Mosquera v. Masada Auto Sales, Ltd.*, No. 2011 WL 282327, 1 (E.D.N.Y. Jan. 25, 2011) (citation and quotation marks omitted). Thus, before parties may settle a case brought under the FLSA, the settlement must be approved by the Court or supervised by the Secretary of Labor. *Boucaud v. City of New York*, No. 07 Civ. 11098, 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (citing *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)); *see also Manning v. New York University*, No. 98 Civ. 3300, 2001 WL 963982, at *12-13 (S.D.N.Y. Aug. 22, 2001) (explaining that although the statute requires supervision of a settlement by the Department of Labor, case law has recognized that a plaintiff may waive his or her claims under the FLSA

pursuant to a judicially-approved settlement). "'In deciding whether to approve a stipulated settlement, the Court must "scrutiniz[e] the settlement for fairness."'" *Medley*, 2010 WL 3000028, at *1 (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The District Court for the Middle District of Florida recently detailed the considerations that courts may weigh in determining the fairness of a settlement. *See Dees v. Hydrady*, 706 F. Supp. 2d 1227, 1240-44 (M.D. Fla. 2010).

In addition, the settlement of any class action or collective action must be judicially approved, even when settlement is reached before a class is certified. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) ("When a settlement is negotiated prior to class certification, as is the case here, it is subject to a higher degree of scrutiny in assessing its fairness."). A district court "must carefully scrutinize the settlement to ensure its fairness, adequacy and reasonableness, and that it was not the product of collusion." *Id.* (internal citations omitted). "The District Court determines a settlement's fairness by examining the negotiating process leading up to the settlement as well as the settlement's substantive terms." *Id.*

The only submission that the parties in this case have made in connection with the settlement is a bare letter stating that the parties had executed settlement documents. Needless to say, this does not provide a sufficient basis upon which to judge the fairness of the settlement.

Accordingly, in order to allow the Court to assess the fairness, adequacy and reasonableness of the settlement, the parties are ordered to produce the settlement agreement and show cause why the Court should approve the settlement agreement and dismiss the case. The parties are further ordered either to file the settlement agreement publicly or else to show cause

why the settlement agreement should not be filed publicly. Such submissions shall be made no later than April 19, 2012.

SO ORDERED.

Dated: New York, New York
April 4, 2012

                                              J. PAUL OETKEN
                                           United States District Judge