UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ONEL DESORME,

                                Plaintiff,

            -against-

MOTHER'S MESSENGER SERVICE OF NYC, LTD.,

                                Defendant.

------------------------------------------------------------X

11 Civ. 6151 (JPO)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: APR 12 2012

J. PAUL OETKEN, District Judge:

        This action was brought as a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York State labor laws.

        On April 3, 2012, the parties informed the court by letter that they had executed settlement documents in the case and requested that the case be dismissed.

        On April 4, 2012, the Court issued an order to show cause why the settlement should be approved and to produce the settlement agreement so that it can be filed on the record.

        On April 9, 2012, the parties submitted a letter explaining why the settlement was in the best interests of both parties, and submitted the settlement agreement itself for approval. *See* attached Exhibit A.

        Pursuant to its obligation to review the settlement of claims brought under FLSA, *see Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010), the Court has reviewed the settlement agreement and finds it to be fair, adequate and reasonable. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (explaining

obligation of court to "carefully scrutinize" a settlement of a pre-certification class action to "ensure its fairness, adequacy and reasonableness, and that it was not the product of collusion").

Accordingly, this case is dismissed with prejudice. The clerk of court is directed to close this case. All pending motions are moot.

SO ORDERED.

Dated: New York, New York
April 12, 2012

_____
J. PAUL OETKEN
United States District Judge

United States District Court
Southern District of New York

Onel Desorme,

        Plaintiff,

        - against -               Case No. 11 cv 6151 (JPO)

Mother's Messenger Service of
NYC, Ltd.,

        Defendant.

## Stipulation of Settlement

The parties hereby stipulate that this matter be resolved as follows:

1. In consideration of the payments and promises described below, the parties agree to dismiss this matter with prejudice and without costs. Plaintiff shall direct his attorney to request that this matter be dismissed with prejudice and without costs.

2. Defendant shall pay a total of $6,000 (six thousand dollars) (the "Settlement Amount") to Plaintiff as follows: By sending 6 monthly payments of $1000 (one thousand dollars) by means of a check drawn on a U.S. bank against good funds, payable to "David Abrams, as Attorney for Onel Desorme," and sending it to David Abrams, Attorney at Law, 299 Broadway, Suite 1700, New York, NY 10007 or such other address as David Abrams may designate in writing.

3. Said payment shall be due to be received on or the 5th of each month, starting with the first payment due on April 5, 2012. If such payment is not received by David Abrams by the 5th of such month, he may send a notice to cure by electronic mail to Defendant's attorneys. If payment is not received within 5 business days of such notice

to cure, Mr. Desorme may declare a default; void this settlement agreement and any accompanying releases; and proceed with his claims (and any other claims he may have) as if this agreement had not been signed. In such case, the statute of limitations for all claims arising out of or relating to this matter or Mr. Desorme's employment with Defendant shall be tolled effective September 1, 2011; Defendant shall receive a credit for any sums paid pursuant to this agreement; and for purposes of attorney fee-shifting, Mr. Desorme's costs and fees in this matter shall be deemed to be part of his costs and fees in his subsequent case.

4. The parties agree that any dispute arising out of or relating to this agreement may be heard in a court of proper subject matter jurisdiction in New York County, New York. All parties agree to jurisdiction and venue in and of such courts.

5. The parties agree that they shall not disparage the other parties in this matter. If contacted in the nature of a job reference check, Defendants shall state only Plaintiff's position, dates of employment, and terminal rate of pay. Neither party shall go to the other party's home, place of business, or clients except in the course of the party's normal job duties.

6. The parties release each other from any and all claims of any nature whatsoever from the beginning of time until the date of this Stipulation. The parties shall exchange Blumberg form general releases which will be subject to the terms of this Stipulation. Without limiting the foregoing, Plaintiff may void such releases in case of default as set forth above.

7.  This stipulation encompasses the entire agreement of the parties. The parties hereby acknowledge that in executing this stipulation they have not relied on any representation or promise made by any other person or entity whatsoever.

8.  This Stipulation of Settlement may be signed in counterparts and copies shall have the same force as originals.

9.  This Stipulation of Settlement may not be modified orally. Any changes must be in writing and executed by the parties.

_____  3/29/12
Bruce Levinson, Esq.
Law Office of Bruce Levinson
Attorney for Defendant
747 Third Avenue, 4th Floor
New York, NY 10017


_____
David Abrams (DA-8126)
 Attorney for Plaintiff
299 Broadway, Suite 1700
New York, NY 10007
Tel. 212-897-5821

_____
Onel Desorme

3